# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR DEMOCRACY AND TECHNOLOGY** )<br>(a District of Columbia non-profit organization) )<br>1401 K Street NW, Suite 200 )<br>Washington, D.C. 20005 )<br>)<br>                *Plaintiff*, )<br>)<br>v. )<br>)<br>**U.S. DEPARTMENT OF HOMELAND SECURITY** )<br>245 Murray Lane SW )<br>Washington, D.C. 20528 )<br>)<br>**U.S. CUSTOMS AND BORDER PROTECTION** )<br>1300 Pennsylvania Avenue, NW )<br>Washington, D.C. 20229 )<br>)<br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES** )<br>20 Massachusetts Avenue, NW )<br>Washington, D.C. 20008 )<br>)<br>                *Defendants*. )<br>) | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT

Plaintiff Center for Democracy and Technology (CDT), a nonprofit organization incorporated in the District of Columbia, by its undersigned attorneys, alleges as follows:

### Introduction

1. CDT is an organization dedicated to promoting and protecting free expression on the Internet. It brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq*., to enjoin the United States Customs and Border Protection (CB") and the United States

Citizenship and Immigration Services (USCIS), components of the United States Department of Homeland Security (DHS), from continuing to improperly withhold agency records responsive to FOIA requests made by CDT. The underlying FOIA requests sought records regarding Defendants' policies and practices regarding the monitoring of social media for immigration and naturalization purposes.

2. Based on the limited information about these practices that is publicly available, CDT is concerned that these practices are of dubious constitutionality, and may have the effect of chilling of Americans' speech on social media platforms. In particular, social media surveillance like the practices at issue introduces significant civil liberties concerns. Communication on social media is highly susceptible to misinterpretation because it is, like most human interaction, idiosyncratic. Deciphering the meaning of statements is difficult without an intimate understanding of the context in which they are made. In the context of immigrants in particular, social media content commonly contains foreign languages, further increasing the complexity of analyzing this information. Government monitoring of social media opens the door to discriminatory pretextual denials of benefits—in fact, DHS has acknowledged these risks, noting that "data may be taken out of context," and that social media surveillance may lead to "an erroneous adverse effect on an individual, such as denial of an immigration benefit."[1]

3. CDT made the FOIA requests to investigate and better understand these practices. But the government has stonewalled CDT's FOIA requests. According, CDT brings this action to enforce its and the public's right to receive information about the practices.

---

[1] https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-fdns-november2016_0.pdf.

**Jurisdiction and Venue**

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff CDT is a nonprofit organization incorporated in the District of Columbia and recognized by the Internal Revenue Service as a tax exempt 501(c)(3) corporation. For more than 25 years, CDT has represented the public's interest in an open, decentralized Internet and has worked to ensure that the constitutional and democratic values of free expression and privacy are protected in the digital age. In support of this mission, CDT uses FOIA to obtain, analyze, and disseminate information concerning the activities of federal agencies.

6. Defendant DHS is a federal department that oversees the two component agencies from which Plaintiff seeks records, and is an "agency" within the meaning of 5 U.S.C. § 552(f).

7. Defendant CBP is a component within Defendant DHS charged with enforcing regulations regarding trade, customs, and immigration, and is an "agency" within the meaning of 5 U.S.C. § 552(f).

8. Defendant USCIS is the component within Defendant DHS that oversees immigration to the United States, and is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Statutory and Regulatory Background**

9. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency generally must respond to a party making a FOIA request within 20 working days, at minimum notifying that party of the agency's determination of which of the

requested records it will release; which it will withhold and why; and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). The 20-day period may in limited circumstances be extended, but only after written notice. *Id.* § 552(a)(6)(B).

## Factual Background

11. On or about February 1, 2011, DHS announced a plan to implement "Publicly Available Social Media Monitoring and Situational Awareness Initiatives" designed to collect, analyze, and disseminate "relevant and appropriate de-identified information to federal, state, local, and foreign governments and private sector partners." 76 Fed. Reg. 5603 (2011).

12. Since that time, DHS has significantly expanded its collection and monitoring of social media information, and now uses social media to inform its decisions about who may travel to the United States; who may enter the country; who may stay here; and ultimately who may become a U.S. citizen.

13. Publicly available information demonstrates that DHS has apparently documented its expansion of what social media information it collects and monitors through a series of directives, privacy impact assessments, and privacy compliance reviews, which date from 2011 through the present and have been issued across DHS's various component agencies, including CBP and USCIS.

14. On August 14, 2019, CDT filed a FOIA request with CBP seeking records in its possession or control relating to CBP's monitoring of social media information. Specifically, CDT requested *CBP Directive 5410-003 – Operational Use of Social Media* (Jan. 2, 2015), a document referenced repeatedly in a Privacy Impact Assessment (PIA) that examines CBP's

4

implementation of operational social media monitoring.[2] A copy of CDT's FOIA request to the CBP is attached as Exhibit A. CBP acknowledged this request as CBP-2019-076482.

15. On September 10, 2019, CDT filed a second FOIA request with CBP, seeking records in its possession or control relating to the training CBP personnel receive in connection with monitoring social media information. The second CBP FOIA request had two parts:

- *First*, CDT sought "[a]ny guidance documents or training materials provided to CBP personnel on the treatment of First Amendment protected activity on social media as referred to on page 4 of the March 25, 2019 DHS/CBP/PIA-058;" and

- *Second*, CDT requested "[t]he social media training provided CBP personnel from the Office of Chief Counsel and the CBP Privacy and Diversity Office as referred to on page 4 of the March 25, 2019 DHS/CBP/PIA-058."

A copy of CDT's second FOIA request to the CBP is attached as Exhibit B. CBP acknowledged this request as CBP-2019-083584.

16. Meanwhile, on August 27, 2019, CDT filed a FOIA request with USCIS seeking records in its possession or control relating to USCIS's use of social media data in adjudicating immigration benefits, which were referred to in other USCIS documents. The request to USCIS sought four sets of documents:

- The "USCIS procedures and training focused on understanding data quality limitations associated with social media" referenced in DHS/USCIS/PIA-068 on page 18[3];

- The USCIS policy on the Operational Use of Social Media referred to in DHS/USCIS/PIA-013-01[4] on page 5 in this text: "USCIS is finalizing its policy

---

[2] *See Privacy Impact Assessment for the Publicly Available Social Media Monitoring and Situational Awareness Initiative*, DHS/CBP/PIA-058 (Mar. 25, 2019), https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp58-socialmedia-march2019.pdf.

[3] *See Privacy Impact Assessment for the Refugee Case Processing and Security Vetting*, DHS/USCIS/PIA-068 (July 21, 2017), https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-refugee-july2017.pdf.

[4] *See Privacy Impact Assessment for the Fraud Detection and National Security Directorate*, DHS/USCIS/PIA-013-01 (Dec. 16, 2014), https://www.dhs.gov/sites/default/files/publications/

5

      for use of Social Media in compliance with the DHS Directive 110- 01, Privacy Policy for Operational Use of Social Media and Instruction 110-01-001";

- USCIS training materials on the "USCIS Privacy Requirements for the Operational Use of Social Media training" referred to in DHS/USCIS/PIA-068 on page 17 in footnote 38; and

- USCIS "Rules of Behavior" for social media monitoring referred to in DHS/USCIS/PIA-068 on page 17 in footnote 38.

A copy of CDT's FOIA request to the USCIS is attached as Exhibit C. USCIS acknowledged receipt of this request on September 12, 2019 (COW2019501245).

17. As of the filing date of this Complaint, neither CBP nor USCIS has responded substantively to CDT's FOIA requests. CBP has not so much as estimated a date for fulfilling CDT's FOIA requests; and although USCIS initially estimated a completion date of December 20, 2019 (a date well beyond the statutory deadline of 20 working days), it has not—since submission of the FOIA request, or in the 13 months after its own estimated completion date—provided CDT with any of the agency records it requested.

18. In short, CDT has not received any records in response to its FOIA requests to CBP or USCIS, even though the statutory deadlines specified in 5 U.S.C. § 552 all have long passed.

19. CDT has exhausted applicable administrative remedies with respect to production of records in response to its FOIA requests to the Defendants.

## PLAINTIFFS' CLAIM FOR RELIEF

### COUNT I
### (Failure to Produce Documents)

20. Plaintiff repeats and re-alleges paragraphs 1- 19.

---

privacy-pia-uscis-fdns-november2016_0.pdf.

21. CDT properly asked DHS, CBP, and USCIS to produce specific records maintained by the agencies, to which the agencies' own publicly available documents refer, that contain details about the agencies' monitoring of social media.

22. Defendants DHS, CBP, and USCIS either explicitly or constructively denied CDT's requests in full and failed to produce any responsive documents or data.

23. CDT has a statutory right to the agency records requested under FOIA, and there is no legal basis for Defendants to withhold the records.

24. As a result of the actions complained of herein, CDT was denied access to records that it was entitled to receive in violation of the FOIA.

25. CDT therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order that Defendants DHS, CBP, and USCIS immediately and fully process CDT's FOIA requests and disclose all non-exempt documents immediately to CDT;

(2) Issue a declaration that CDT is entitled to immediate processing and disclosure of the requested records in the formats specified by the FOIA requests;

(3) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(4) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(5) Grant such other relief as the Court may deem just and proper.

Dated: January 15, 2021

Respectfully submitted,

    */s/ David M. Gossett*
David M. Gossett (D.C. Bar #468390)
davidgossett@dwt.com
Ronald G. London (D.C. Bar #456284)
ronnielondon@dwt.com
Shannon L. McNeal (D.C. Bar #1047259)
shannonmcneal@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
202-973-4200

*Counsel for Plaintiff*
CENTER FOR DEMOCRACY & TECHNOLOGY